**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

FILED

2016 AUG 30  PM 3: 18

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____EC_____
DEPUTY

| | | |
|---|---|---|
| CHRISTOPHER MACHEN, | § | |
| | § | |
| v. | § | EP-16-CV-385-FM |
| | § | |
| HONORABLE ALFREDO CHAVEZ, | § | |
| and MATTHEW DEKOATZ. | § | |

## MEMORANDUM OPINION AND ORDER

Christopher Machen, state prisoner number 842446, challenges his conviction and life

sentence for capital murder[1] through a *pro se* pleading submitted on a form for a civil rights

complaint under 42 U.S.C. § 1983.   He alleges District Court Judge Alfredo Chavez and defense

counsel Matthew DeKoatz denied him his civil rights during his trial for killing his mother and

nine-year-old sister.   He does not seek damages; he asks the Court to "reverse and remand" his

case "for a new trial."[2]

"Section 1983 imposes *liability* for violations of rights protected by the Constitution …"[3]

"[A] prisoner in state custody cannot use a § 1983 action to challenge '*the fact or duration of his*

*confinement*.'"[4]   "[H]abeas corpus is the exclusive remedy for a state prisoner who … seeks

---

[1] *State v. Machen*, No. 960D10430 (65th Dist. Ct., El Paso County, Tex. 1998); *Machen v. State*, No. 08-98-00260-CR, 2000 WL 1300838 (Tex. App.–El Paso 2000, pet. ref'd) (unpublished).

[2] Pl.'s Compl. 4, Aug. 24, 2016, ECF No. 1-1.

[3] *Baker v. McCollan*, 443 U.S. 137, 146 (1979) (emphasis added).

[4] *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (emphasis added) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

immediate or speedier release…"[5]   Accordingly, the Court construes Machen's pleading as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[6]

The Court notes that Machen previously filed, and the Court dismissed, § 2254 petitions attacking the same conviction in *Machen v. Wathen*, EP-09-CV-389-PRM, and *Machen v. Dretke*, EP-06-CV-112-PRM.   Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA")[7] in part to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims."[8]   It requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless "the claim relies on a new rule of constitutional law … or … the factual predicate … could not have been discovered previously through the exercise of due diligence."[9]   More importantly, it bars a district court from considering a second or successive petition unless the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider the application."[10]

---

[5] *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser*, 411 at 488-90).

[6] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citations and internal quotation marks omitted); *cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

[7] Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996).

[8] *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999).

[9] 28 U.S.C. § 2244(b)(2) (2012).

[10] *Id.* § 2244(b)(3)(A); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (explaining that 28 U.S.C. § 2244(b)(3)(A) acts as a jurisdictional bar to a district court asserting jurisdiction over any successive habeas petition until a court of appeals grants the petitioner permission to file one); *Hooker v. Sivley*, 187 F.3d 680, 681–82 (5th Cir. 1999) ("[T]he district court lacked

In his pleading, Machen does not rely on a new rule of constitutional law.   He alleges District Court Judge Alfredo Chavez "did not see that all [his] constitutional rights … were secured."[11]   He also claims his defense counsel, Matthew DeKoatz, "harmed [him] by not securing [his] courtroom rights … so [he] could have participated in [his] capital murder jury trial"[12]   Machen could have raised these claims in his first federal petition.

The Court concludes, therefore, that Machen's instant pleading is a successive § 2254 application within the meaning of the AEDPA.   Moreover, because Machen has not shown the requisite authorization from the Fifth Circuit, the Court also concludes it lacks jurisdiction to hear his claims.[13]   The Court must accordingly dismiss Machen's petition without prejudice to his re-filing, should he obtain proper approval from the Fifth Circuit.

The AEDPA also requires a certificate of appealability before an appeal may proceed in this matter.[14]   "This is a jurisdictional prerequisite because the statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.'"[15]   A judge will not issue a certificate of appealability unless the petitioner makes "a

---

jurisdiction to construe Hooker's petition as a § 2255 motion because he had not received prior authorization from us to file a successive § 2255 motion.").

[11] Pl.'s Compl. 7, Aug. 24, 2016, ECF No. 1-1.

[12] *Id.* at 8.

[13] *Key*, 205 F.3d at 774; *Hooker*, 187 F.3d at 681-82.

[14] 28 U.S.C. § 2253 (2012); *see Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that appeals of causes initiated under either 28 U.S.C. §§ 2254 or 2255 require a certificate of appealability).

[15] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

substantial showing of the denial of a constitutional right."[16]   This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[17]   The Court concludes in this case that reasonable jurists would not find the Court's procedural rulings debatable.   Therefore, the Court will not issue a certificate of appealability from its decision.

For the reasons addressed above, the Court enters the following orders:

**IT IS ORDERED** that Christopher Machen's civil rights complaint under 42 U.S.C. § 1983, which the Court construes as a successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Christopher Machen is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this _____30_____ day of August, 2016.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[16] 28 U.S.C. § 2253(c)(2).

[17] *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotations and citations omitted).